UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**SHERIKA LATRICE GARY,**

      **Plaintiff,**

      v.                        Case No. 12-C-22

**MILWAUKEE COUNTY
BEHAVIORAL HEALTH DIVISION,**

      **Defendant.**

## ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT

On January 6, 2012, Sherika Latrice Gary ("Gary"), proceeding pro se, filed a complaint against the defendant. Accompanying the plaintiff's complaint was a motion to proceed in forma pauperis. (Docket No. 2.) The plaintiff has consented to the full jurisdiction of a magistrate judge, (Docket No. 3), and therefore this court must now resolve the plaintiff's motion to proceed in forma pauperis.

Based upon the financial information contained in the plaintiff's motion, the court concludes that the plaintiff lacks the resources to pay the filing fee. Accordingly, the plaintiff's motion to proceed in forma pauperis shall be granted. However, this is only half of the court's inquiry.

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Adkins v. E. I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous,

malicious, or repetitive lawsuits." Id. (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)). In order to balance these competing concerns, before the court can allow the plaintiff to proceed in forma pauperis, the court is obligated to determine that the plaintiff is unable to pay the $350.00 filing fee and that this case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

First, a claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton, 504 U.S. at 31; Neitzke, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, this does not mean that the court is required to accept without question the truth of the plaintiff's allegations. Denton, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." Id. at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." Id.

Second, a claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and therefore be subject dismissal. In determining whether or not a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). DeWalt v. Carter, 224 F.3d 607, 611 (7th Cir. 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a

2

complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint.

According to her complaint, Gary began working for the defendant on about August 22, 2011 and shortly after starting she witnessed "patient abuse." (Docket No. 1 at 3.) She reported what she observed, although she does not indicate to whom she reported her observations. (Docket No. 1 at 3.) This led to Gary's co-workers "harassing" her by asking her questions, making negative remarks, and calling her names to other employees. (Docket No. 1 at 3.) Gary reported this to her supervisor and when the harassment continued, the supervisor held a meeting with some of Gary's co-workers. The supervisor urged all to work as a team, but the problems continued. Gary alleges that she was called a "snitch" and received comments such as "You will not be working here long." (Docket No. 1 at 3.)

On October 5, 2011, another employee "started making . . . negative remarks" and asked Gary about the incident she reported. (Docket No. 1 at 3.) Two weeks later, Gary learned she was being investigated for "workplace violence." (Docket No. 1 at 3-4.) On October 16, 2011, Gary was asked to make a witness statement, and the following day her "keys and badge were taken." (Docket No. 1 at 4.)

Gary believes that in retaliation for her reporting "patient abuse," her co-workers conspired to fabricate allegations of wrongdoing against her in order to get her fired. At the very end of her complaint, Gary also states, "I feel that I am also being discriminated by my age." (Docket No. 1 at 5.) Gary seeks damages for wrongful termination, slander, and pain and suffering. (Docket No. 1 at 6.) Attached to her complaint is an EEOC "right to sue" letter and complaint wherein Gary alleges that she was terminated in retaliation for opposing discriminatory practices. (Docket No. 1-2.)

Because the plaintiff is proceeding without the benefit of counsel, it is the court's obligation to liberally construe her complaint. Nonetheless, the court cannot rewrite a complaint and must refrain from acting like an attorney on an initial consultation with a prospective client by trying to search out any possible plausible claim for relief out of the facts presented. Having thoroughly reviewed the plaintiff's complaint, the court understands that the plaintiff might be attempting to allege one of three possible federal causes of action.

Wisconsin follows the general notion of employment at will, meaning that aside from a few narrow exceptions, employees without employment contracts may generally be legally terminated for any or no reason. Bammert v. Don's Super Valu, 2002 WI 85 ¶¶8-9, n.3, 254 Wis. 2d 347, 646 N.W.2d 365 (2002). Exceptions to the general employment at will doctrine include discrimination on the basis of race, color, sex, or national origin under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-2(a)(1). Another exception is discrimination based upon age under the Age Discrimination in Employment Act ("ADEA"). 29 U.S.C. § 621(a)(1). Under either statutory

exception, not only is actual discrimination prohibited but so too is retaliation against an employee asserting his or her rights or assisting another in doing so. Abuelyaman v. Ill. State Univ., 2011 U.S. App. LEXIS 24616 (7th Cir. Dec. 13, 2011); Barton v. Zimmer, Inc., 2011 U.S. App. LEXIS 20982, *16-17 (7th Cir. Oct. 18, 2011).

In her complaint to the EEOC, Gary did not allege any direct discrimination, but rather complained of retaliation. Likewise, in her present complaint, Gary complains of the retaliation she suffered from her co-workers as a result of reporting "patient abuse." These circumstances do not present a cognizable claim of retaliation under Title VII because, in part, there is absolutely nothing to indicate that her complaint of "patient abuse" related to discrimination on the basis of race, color, sex, or national origin.

Gary's complaint also includes an isolated and conclusory assertion that she feels she is "also being discriminated by [her] age." This bald assertion is insufficient to state a claim for relief under the ADEA. Deficiencies include not only Gary's failure to provide her own age to demonstrate that she is protected by the ADEA, but the complaint is also devoid of any indication that similarly situated younger employees were treated differently.

The court believes that Gary might be attempting to allege that she was terminated from her employment with a unit of county government without due process. Because Gary was employed by a governmental agency, under certain circumstances, an employee may have a constitutional right to due process before being terminated. Carlson v. City of Delafield, 779 F. Supp. 2d 928, 940 (E.D. Wis. 2011). An employee is entitled to due process only if the individual has acquired a property interest in continued employment, "which usually stems from the rules, laws, or policies of the employing entity." Id. However, this claim also fails because Gary has failed to allege any facts that might suggest that she had acquired a property interest in her continued employment; to the

contrary, Gary alleges that she was employed by the defendant for less than two months, a period that is ordinarily insufficient to acquire a property interest in employment.

Finally, in the portion of her complaint wherein she is asked to set forth the relief she seeks, Gary mentions that she is seeking relief for slander. (Docket No. 1 at 6.) Unlike the federal law claims referenced above, a claim for slander arises under state law and therefore can be properly presented in federal court only if there is a basis for the court exercising its limited jurisdiction. See, e.g., 28 U.S.C. §§ 1332; 1367. The complaint indicates that both parties are residents of Wisconsin, and therefore the court does not have diversity jurisdiction under 28 U.S.C. § 1332. And because the complaint does not present any other cognizable federal claim for relief, the court does not have jurisdiction to hear a claim for slander pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367. Therefore, Gary's claim for slander may be heard, if at all, only in Wisconsin Circuit Court.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to proceed in forma pauperis, (Docket No. 2), is **granted**.

**IT IS FURTHER ORDERED** that the complaint is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated at Milwaukee, Wisconsin this 19th day of January 2012.

AARON E. GOODSTEIN
U.S. Magistrate Judge